J-S53015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT L. MADISON | : | |
| | : | |
| Appellant | : | No. 220 EDA 2019 |

Appeal from the PCRA Order Entered December 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0100662-1977

BEFORE:  OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:　　　　　　　　**FILED NOVEMBER 05, 2019**

Appellant, Robert L. Madison, appeals *pro se* from an order entered December 13, 2018, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We previously summarized the facts of this case as follows:

On December 8, 1976, Appellant was in a luncheonette in Philadelphia[, Pennsylvania] when he and the owner had an altercation.  Appellant left the establishment and returned with Tyrone Smith and a shotgun and killed the owner.  On October 25, 1977, he was found guilty of first[-]degree murder at a non[-]jury trial and subsequently was sentenced to life imprisonment.  We affirmed [Appellant's judgment of sentence] on October 26, 1979.  Our Supreme Court denied further review on November 11, 1979.  Appellant filed his first [collateral relief] petition on February 19, 1986; relief was denied, and [thereafter,] we dismissed the appeal [] due to counsel's failure to file a brief.  In 1996, Appellant filed a second [collateral relief] petition and again[,] was denied relief.  On September 12, 2002, Appellant filed [his third collateral relief] petition claiming the existence of

[a newly-discovered fact]. [On September 20, 2004, this Court affirmed the PCRA court's dismissal order, holding that Appellant's petition was untimely and failed to meet the newly-discovered fact exception to the PCRA's time-bar].

***Commonwealth v. Madison***, \_\_A.2d\_\_, 2267 PHL 2003 (Pa. Super. 2004) (unpublished memorandum), at 1-4 (citation omitted).

Appellant filed his fourth PCRA petition on August 23, 2012. Appellant's Fourth PCRA Petition, 8/23/12, at 1-20. He subsequently amended his petition on March 25, 2016. Appellant's Amended PCRA Petition, 3/25/16, at 1-10. On September 17, 2018, the PCRA court provided Appellant with notice that it intended to dismiss his PCRA petition in 20 days without holding a hearing, as the petition was untimely. PCRA Court Order, 9/17/18, at 1; ***see also*** Pa.R.Crim.P. 907(1). The PCRA court dismissed Appellant's petition on December 13, 2018, and Appellant filed a timely notice of appeal.[1]

Appellant presents one issue for our review:

[Whether Appellant satisfied the new rule of constitutional law exception to the PCRA's timeliness requirement?]

***See generally*** Appellant's Brief.

The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our

---

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b).

standard of review is *de novo* and our scope of review plenary." ***Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. §§ 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). Here, Appellant's judgment of sentence became final on February 9, 1980, 90 days after the Pennsylvania Supreme Court denied *allocatur* and the time to file a petition for writ of *certiorari* in the United States Supreme Court elapsed. ***See*** U.S.Sup.Ct. Rule 13. Hence, Appellant's petition is manifestly untimely. Therefore, unless one of the statutory exceptions to the time-bar applies, no court may exercise jurisdiction to consider this petition.

Pursuant to 42 Pa.C.S.A. §9545(b), there are three statutory exceptions to the timeliness provision that allow for very limited circumstances under which the late filing of a PCRA petition will be excused. To invoke an exception, a petition must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).   If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented."   42 Pa.C.S.A. § 9545(b)(2).[2]   "The petitioner bears the burden to plead and prove an applicable statutory exception." **Hudson,** 156 A.3d at 1197.

Herein, Appellant attempts to invoke the new constitutional right exception by arguing that the United States Supreme Court's decision in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), which made the holding in **Miller v. Alabama**, 567 U.S. 460 (2012) retroactive, warrants relief. Specifically, he argues that, even though he was 20-years-old at the time he committed the murder, per **Miller**, his "brain was not fully formed" and therefore, his sentence of life-without-parole violates the Eighth and

_____

[2] Effective December 24, 2018, the legislature amended Section 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." **See** 42 Pa.C.S.A. §9545(b)(2) (effective December 24, 2018). However, the amendment to Section 9545(b)(2) only applies to "claims arising on [December] 24, 2017 or thereafter." **See id.** at Comment. Appellant filed his current petition on March 25, 2016; thus, the amended Section 9545(b)(2) does not apply to Appellant's claim.

Fourteenth Amendments of the United States Constitution, as well as Article 1, § 13 of Pennsylvania's Constitution. Appellant's Brief at 6-17. We disagree.

Previously, this Court explained that "**Montgomery** merely made **Miller** retroactive for juvenile offenders whose judgments of sentence had already became final. It did not extend **Miller**'s holding to those individuals who committed homicides after they reached the age of 18." **Commonwealth v. Montgomery**, 181 A.3d 359, 366 (Pa. Super. 2018) (*en banc*) (citation omitted). Thus, pursuant to this rationale, we have consistently held that "age is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar" and have "decline[d] to extend its categorical holding." **Commonwealth v. Lee**, 206 A.3d 1, 11 (Pa. Super. 2019) (*en banc*); **see Commonwealth v. Furgess**, 149 A.3d 90, 91-94 (Pa. Super. 2016); **Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013) *abrogation on other grounds recognized in* **Furgess**, **supra** at 94. In this case, Appellant admits that he was 20 years old at the time of the murder. Appellant's Brief at 10. Hence, Appellant failed to plead and prove the applicability of a new rule of constitutional law in this case. Because no exception to the PCRA's one-year time-bar applies, the PCRA court properly held that it lacked jurisdiction over the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/19